IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DUQUETTE M. MATTHEWS**<br>938 Pinewood Avenue<br>Toledo, Ohio 43607<br><br>    **Plaintiff,**<br><br>  vs.<br><br>**CITY OF TOLEDO**<br>**Toledo Police Department**<br>**c/o Adam Loukx, Director of Law**<br>One Government Center, Suite 2250<br>Toledo, Ohio 43604<br><br>and,<br><br>**LT. RANDY PEPITONE**, #1694<br>c/o George Kral, Chief of Police<br>Toledo Police Department<br>525 North Erie Street<br>Toledo, Ohio 43604, individually and<br>as employee of the city<br><br>and<br><br>**OFFICER TODD BABCOCK**, #2232<br>c/o George Kral, Chief of Police<br>Toledo Police Department<br>525 N. Erie Street<br>Toledo, Ohio 43604, individually and<br>as employee of the city | ) CASE NO.<br>)<br>)<br>)<br>) JUDGE<br>)<br>) **COMPLAINT WITH JURY DEMAND**<br>) **ENDORSED HEREON**<br>)<br>)<br>)<br>) Jenelda E. Witcher (#0064490)<br>) Witcher Law Office<br>) 1900 Monroe Street, Suite 111<br>) Toledo, Ohio 43604-6781<br>) Office: (419) 243-9873<br>) Facsimile: (419) 243-9917<br>) witcherlaw@bex.net<br>)<br>) Attorney for Plaintiff<br>)<br>)<br>) |

and

**OFFICER JOHN DOE,** whose present
Name remains unknown
c/o George Kral, Chief of Police
Toledo Police Department
525 N. Erie Street
Toledo, Ohio 43604, individually and
as employee of the city.

     **Defendants.**

  Now comes Plaintiff, by and through counsel, and for his Complaint states and avers the following:

### JURISDICTION AND VENUE

  1.  The jurisdiction of the Court is invoked pursuant to the Federal Civil Rights Act, 42 U.S.C. § 1983; 28 U.S.C. §§ 1331 and 1343(a), and the Constitution of the United States.

  2.  Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because: (1) all substantial parts of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

### THE PARTIES

  3.  The Plaintiff, Duquette M. Matthews, is a citizen of the United States and a resident of Toledo, Ohio. At all relevant times, Plaintiff resided within the jurisdiction of this court.

  4.  Defendant City of Toledo ("City") is, and at all times mentioned herein was, a political subdivision formed and authorized under the laws of the State of Ohio and maintains a Police Division. Defendant City is responsible for the policies, practices and customs of said Police Division at all times material to this complaint.

5. Defendants Randy Pepitone, Todd Babcock and John Doe are, and at all times mentioned herein, officers for the Toledo Police Department, and reside or work in the City of Toledo, and at all times herein were acting within the course and scope of said employment and under color of law.

6. At all relevant times, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Ohio and the City of Toledo.

## GENERAL ALLEGATIONS

7. Plaintiff fully incorporates paragraphs 1-6 as if fully rewritten herein.

8. On or about April 5, 2014, upon leaving church services near the McDonald's restaurant ("Restaurant") at 36 N. Reynolds Road, Toledo, Ohio, Plaintiff drove onto the property of the Restaurant and proceeded through the drive-through to place an order.

9. As an unmanned vehicle was blocking the drive-through of the Restaurant and thus preventing Plaintiff from moving forward, he advised the manager of this problem, and the manager of the Restaurant soon came out and moved the vehicle from the drive-through lane into a parking space on the property.

10. Upon receiving his order and paying for it, Plaintiff started to drive away from the Restaurant, at which time, Plaintiff was surrounded by several police cars.

11. Defendant, Lt. Randy Pepitone opened Plaintiff's car door and forcibly snatched Plaintiff from behind the wheel of the car, grabbing him from his left side, using unnecessary and brutal roughness, thereby assaulting and battering him. Defendant Pepitone then unnecessarily and unreasonably threw defenseless Plaintiff to the ground, wrenched and twisted Plaintiff's arms

behind him and handcuffed him. Throughout the entire duration of the assault, Plaintiff could not, and did not, resist to the Defendant's use of force as a police officer.

12. When another police officer yelled "That's not the guy," Plaintiff was lifted off the ground and his handcuffs were taken off. Without any explanation or apologies, the police told him to "have a nice day," and released him.

13. Plaintiff began to experience severe pain in his left shoulder, wrists and lower back, and was unable to sleep through the night. Plaintiff was forced to seek medical assistance and went to the emergency room the following morning on April 6, 2014.

14. As a direct, proximate and legal result of Defendants exceedingly aggressive and violent action, Plaintiff sustained severe, permanent injuries to his left shoulder, wrists and back and has had to have corrective surgery to his shoulder because of the actions of Defendants.

15. In so doing the aforementioned, Defendants Pepitone and Babcock,and the other named defendants pursued an outrageous conduct, intentionally and/or recklessly, proximately causing: (a) Plaintiff to be subjected to being placed in fear of being assaulted at any time by police; (b) Plaintiff to be subjected to physical attacks upon his person; (c) prevented Plaintiff from pursuing his occupational pursuits; and (d) prevented Plaintiff from use and enjoyment of recreational pursuits.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 Claim for Excessive Force/Unreasonable Seizure)

16. Plaintiff fully incorporates paragraphs 1-15 as if fully re-written herein.

17. Defendants Pepitone, Babcock, and Doe acted in a wanton and reckless manner.

18. Defendant Officers Pepitone, Babcock and Doe were reckless when, with excessive force, they recklessly and wantonly removed Plaintiff from his car, slammed him to the ground, handcuffed him, and injured his shoulder, arms and back.

19. Defendants Pepitone, Babcock and Doe recklessly used exceedingly aggressive and violent force that was greater than necessary to apprehend Plaintiff, if that was their intent.

20. As a direct and proximate result of the negligence, excessive force, recklessness and carelessness of Defendant officers, Plaintiff sustained permanent and severe injuries and damages, including, but not limited to, the following:

   a. Injuries to shoulders, wrists and back;
   b. Lost wages;
   c. Emotional distress and extreme mental anguish;
   d. Medical expenses, past and future;
   e. Pain and suffering, past and future; and,
   f. Loss of enjoyment of life, past and future

## SECOND CAUSE OF ACTION

(State law claim for Emotional Distress/Mental Anguish)

21. Plaintiff fully incorporates paragraphs 1-20 as if fully rewritten herein.

22. Defendant Pepitone, Babcock, and Doe, by assaulting, battering and using excessive force, engaged in extreme and outrageous conduct.

23. Defendants, by subjecting Plaintiff to humiliation and degrading conduct, intended to inflict severe emotional distress on Plaintiff and knew that such conduct would cause Plaintiff and his family severe emotional distress.

24. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff was injured, and has experienced, and continues to experience, severe emotional distress, including sleep disruption, symptoms of post-traumatic stress disorder, anxiety and depression.

### THIRD CAUSE OF ACTION

(Respondeat Superior)

25. Plaintiff fully incorporates paragraphs 1-24 as if fully rewritten herein.

26. Defendants Pepitone, Babcock and Doe, were, at all times material to this complaint, authoritative employees of Defendant City of Toledo, acting within the color and scope of their employment, and the acts which violate state and federal law are directly chargeable to Defendant City under state law pursuant to *respondeat superior*.

### FOURTH CAUSE OF ACTION

(Violation of 4th and 14th Amendments, U.S. Constitution)

27. Plaintiff fully incorporates paragraphs 1-26 as if fully rewritten herein.

28. Defendants Pepitone, Babcock and Doe's unreasonable assault of Plaintiff violated Plaintiff's rights to be safe and free from unreasonable search and seizure, as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

29. Pursuant to 42 U.S.C. §1983, Defendants are liable to Plaintiff for all damages caused by these deprivations of Plaintiff's rights.

### FIFTH CAUSE OF ACTION

(Action under color of law and scope of employment)

30. Plaintiff fully incorporates paragraphs 1-29 as if fully rewritten herein.

31. Defendant City is the employer of Defendants Pepitone, Babcock, and Doe.

32. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Toledo and/or the State of Ohio.

## SIXTH CAUSE OF ACTION

33. Plaintiff fully incorporates paragraphs 1-32 as if fully rewritten herein.

34. Defendants intentional and unauthorized detention of Plaintiff deprived Plaintiff of the quiet and peaceable possession, enjoyment and use of his property, and Plaintiff was damaged for that reason. Defendants are liable to Plaintiff for all damages caused by Defendants Pepitone, Babcock and Doe's trespass onto Plaintiff's property in derogation of Plaintiff's rights.

## SEVENTH CAUSE OF ACTION

(State law claim for Assault and Battery)

35. Plaintiff fully incorporates paragraphs 1-34 as if fully rewritten herein.

36. Individual Defendant Doe did assault and batter plaintiff, causing severe bodily harm and extreme physical pain.

## EIGHTH CAUSE OF ACTION

(Failure to Train)

37. Plaintiff fully incorporates paragraphs 1-36 as if fully rewritten herein.

38. Defendant City had a duty to properly train and supervise its employees not to act recklessly in performing any governmental functions.

39. Defendant City failed in its duty to train Defendants Pepitone, Babcock, and Doe in the proper procedures for apprehending or arresting an individual operating an automobile or as in this case, for apprehending an individual who has done absolutely nothing illegal at the time and place of apprehension.

40. Plaintiff's injuries as set forth above were proximately caused by Defendant City's failure to perform its duty as prescribed by public policy and allowing employee misconduct to continue unabated.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment on the above mentioned Counts against Defendants in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages of One Millions Dollars ($1,000,000), costs and expenses incurred herein, prejudgment interest at the statutory rate allowed from the time that Plaintiff's cause of action accrued, court costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ *Jenelda E. Witcher*
_____
**JENELDA E. WITCHER (0064490)**
Witcher Law Office
1900 Monroe Street, Suite 111
Toledo, OH 43604-6781
Telephone: 419-243-9873
Facsimile: 419-243-9917
Email: witcherlaw@bex.net
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable in this action.

/s/ *Jenelda E. Witcher*
_____
**JENELDA E. WITCHER**
Witcher Law Office
Attorney for Plaintiff